LEWIS, Trustee in bankruptcy, Respondent, vs. BANKING COMMISSION, imp., Appellant.

*September 15—October 12, 1937.*

608

610

For the appellant there were briefs by *J. Henry Bennett* of Viroqua, attorney, and *Grady, Farnsworth & Walker* of Portage of counsel, and oral argument by *Mr. Daniel H. Grady* and *Mr. Bennett*.

For the respondent there was a brief by *George H. Gordon, Law & Brody* of La Crosse, and oral argument by *Lawrence J. Brody* and *D. S. Law*.

ROSENBERRY, C. J. It is argued by the attorneys for the appealing defendant that the conveyance made by Bekkedal on June 29, 1934, was not pursuant to any contract or agreement made on the part of Bekkedal to mortgage or convey the premises, and that M. H. Bekkedal did not subsequently ratify or approve the book entries or the transactions reflected thereby. As already stated, the trial court found against the contention of the appealing defendant.

The situation is that Bekkedal as president and managing officer of the corporation dealt with himself as an individual. Having received the full amount of the purchase price he cannot under the circumstances contend that he was not under a

duty, contractual in its nature, to convey the premises for which he had been paid. While it is true that at the time the transcript of the judgment in favor of the appealing defendant was filed, Bekkedal had made no enforceable contract to convey the premises, he nevertheless held nothing but the bare legal title. Having paid for the property in full, the corporation in any event would have been entitled under the circumstances to a purchaser's lien, and, had Bekkedal retained in his hands the purchase price of the property, he would have held the purchase price as trustee for the benefit of the purchaser. Having received the purchase price by way of a credit, there was nothing to which the purchaser's lien could attach except the property which Bekkedal was under a duty to convey. The rules of law upon this subject are stated as follows in the Restatement, Restitution and Unjust Enrichment, § 161 :

"Where property of one person can by a proceeding in equity be reached by another as security for a claim on the ground that otherwise the former would be unjustly enriched, an equitable lien arises."

However, in this case the judgment of the appealing defendant was docketed prior to the time when the conveyance was made by Bekkedal to the trustee in bankruptcy. The judgment, therefore, would attach to the right of redemption which Bekkedal had as against a purchaser's lien. Ordinarily, a court will under such circumstances provide for a redemption of the property. To compel a conveyance of the property to satisfy the purchaser's lien would be the enforcement of a contract void under the statute of frauds. See comment under § 161.

The character of the relief granted in a particular case is dependent in a large measure on the circumstances of the particular case. Here it appears that the amount of the purchaser's lien is four or five times the present value of the

property which was appraised in the bankruptcy proceeding at $7,500. No useful purpose would be served by decreeing a right of redemption under such circumstances. In addition to that, in this case, there was a conveyance by Bekkedal. The appealing defendant in this case acquired no greater right in the property than Bekkedal had. Bekkedal having made a conveyance voluntarily to the trustee in bankruptcy, that conveyance when made, as the trial court held, related back to the time when his duty to convey arose or December 31, 1927. These facts bring it squarely within the case of *Blaha v. Borgman* (1910), 142 Wis. 43, 124 N. W. 1047. The appealing defendant is certainly not an intervening purchaser for value without notice, and the trial court correctly held that the title should be quieted in the trustee.

We have considered other points raised and argued in briefs of counsel which relate largely to findings of fact by the trial court. We find them well sustained by the evidence.

*By the Court.*—Judgment affirmed.